IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD ONTIVEROS,

    Petitioner,                      No. CIV S-07-2245 MCE EFB P

    vs.

R.J. SUBIA, et al.,                ORDER AND FINDINGS
                                            AND RECOMMENDATIONS
    Respondents.
                             /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This action proceeds on the October 22, 2007, petition, in which petitioner challenges the Board of Parole Hearings' ("Board") August 23, 2006, decision denying him parole. Respondents move to dismiss this action upon the grounds that petitioner failed to exhaust available state remedies and that some of petitioner's claims allege only violations of state law that are not cognizable on federal habeas review. Resps.' Mot. to Dism., at 6:2-6. Petitioner argues that his petition should proceed because he provided sufficient documentation to prove that his denial of parole violated his due process rights and that the state courts failed to investigate his claims. He also requests an extension of time so that this court can reconsider his October 22, 2007, request for appointment of counsel. Pet.'s Opp'n, at 1:19-21, 2:18-24, 4:27-5:4, 6:18-28, 7:11-5, 10:7-15. For the reasons explained below, petitioner's request for an

1

extension of time is denied and the court recommends that respondents' motion dismiss be granted.

## I.    Procedural History

Petitioner is serving twenty-five years to life for first degree murder, a crime for which he was sentenced on February 14, 1984. Pet., unnumbered page 12. Petitioner came up for parole before the Board on August 23, 2006, and parole was denied. *Id.* at unnumbered pages 22-29.

Petitioner sought habeas corpus relief in Alameda County Superior Court, which was denied on February 22, 2007. *Id.* at unnumbered page 9. The Superior Court found that the petition failed "to state a prima facie case for relief" and lacked "sufficient documentation for a proper review of [the] claims." *Id.*

Petitioner next sought relief in the First Appellate District of the California Court of Appeal. That petition was denied on March 8, 2007 because petitioner failed "to provide a transcript of the hearing before the Board of Parole Hearings." *Id.* at unnumbered page 8.

Petitioner then filed a petition in the California Supreme Court on March 13, 2007. *Id.* at unnumbered page 11. This petition was denied with a citation to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), on June 13, 2007. *Id.* at unnumbered page 10.

On October 22, 2007, petitioner filed the instant petition on the grounds that he was denied parole without due process because there was no evidence that he is a risk to public safety and that respondents abrogated his right to parole under California Penal Code section 3041 by "illegally expand[ing] the plain language" of the statute and denying him a "just and fair hearing." *Id.* at 2, 5-6.

## II.   Standards

Section 2254 of Title 28 of the United States Code imposes an exhaustion requirement[1] on state prisoners seeking federal habeas relief:

---

[1] A state may in any given case expressly waive the exhaustion requirement. 28 U.S.C. § 2254(b)(3).

1       (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
2           (A) the applicant has exhausted the remedies available in the courts of the State; or
3           (B) (i) there is an absence of available State corrective process; or
4              (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

It is important to note that federal habeas review is available for a state prisoner's *federal* claims, and that the exhaustion requirement, in its original form as a judicially crafted doctrine and as presently codified, is rooted in the doctrines of comity and federalism. *Ex parte Royall*, 117 U.S. 241, 251 (1886) (creating a discretionary exhaustion requirement in order to avoid "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings" and to give the state courts the "first opportunity to review all claims of constitutional error .") This means that the petitioner must present both the operative facts and the federal legal theory to the highest state court permitted under the state's rules. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."). A petitioner must present his claims pursuant to the state's established procedures so as to ensure the courts may reach the merits. *See Castille v. Peoples*, 489 U.S. 346 (1989) (finding exhaustion requirements were not met where petitioner had not fairly presented his claims to the state courts); *see also Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("A petitioner has not satisfied the exhaustion requirement unless he has fairly presented his claim to the highest state court. Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation.") (citation omitted). A California prisoner must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 214,

221-23 (2002) (describing California's habeas corpus procedure).

**III.    Analysis**

As discussed below, petitioner's state petition was denied by the California Supreme Court for a procedural defect. A habeas petition that is denied by the California Supreme Court on procedural grounds is not exhausted for purposes of filing a federal habeas petition. *Harris v. Super. Ct.*, 500 F.2d 1124, 1126 (9th Cir. 1974). The Ninth Circuit construes a denial of a habeas petition by the California Supreme Court without comment as a denial on the merits unless the court includes a citation that indicates otherwise. *Gaston v. Palmer*, 417 F.3d 1030, 1038-39 (9th Cir. 2005).

Here, the California Supreme Court denied the petition for habeas relief without comment but with citation to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). In *Duvall*, the Court outlined the pleading requirements in a habeas corpus proceeding. 9 Cal. 4th at 474. In particular, the page cited to by the California Supreme Court in this matter is entitled "A Summary of Habeas Corpus Procedure." *Id.* The cited portion of the case indicates that there is a presumption in favor of the truth of a conviction and the petitioner bears a heightened initial burden to plead facts with sufficient particularity and present evidence to support the alleged facts. *Id.* The Ninth Circuit has interpreted the denial of a habeas petition with citation to *Duvall* to stand for the proposition that a petition is procedurally defective for failure to plead facts with sufficient particularity. *See Morales v. Scribner*, No. 05-03545, 2007 U.S. Dist. LEXIS 32448, at *5-6 (N.D. Cal. Apr. 19, 2007) (citing *Gaston*, 417 F.3d at 1039 and *Payton v. Hubbard*, 195 Fed. Appx. 584, 585 (9th Cir. 2006)).

As such, the March 13, 2007, petition was denied by the California Supreme Court for a procedural defect and is not properly exhausted for purposes of filing a habeas petition. The defect, however, can be cured in a renewed state petition. *See Guzman v. Kane*, No. 05-1732, 2006 U.S. Dist. LEXIS 81281, at *3 (N.D. Cal. Oct. 20, 2006) (explaining that the petitioner's failure to state his claim with sufficient particularity was a curable defect that could be cured in a

4

renewed state petition).

The instant petition must be dismissed because it has no claims as to which state court remedies have been exhausted. This court cannot grant habeas relief on any unexhausted claim. 28 U.S.C. § 2254(b). The action will not be stayed while petitioner exhausts his state court remedies because the petition does not contain any exhausted claims. *See Guzman*, 2006 U.S. Dist. LEXIS 81281, at *3-4. Because petitioner's claims are unexhausted, the court need not address whether petitioner has stated federally cognizable claims.

Finally, the court will not grant petitioner the additional time he requests for the court to reconsider his October 22, 2007, request for appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." 18 U.S.C. § 3006A(2); *see also* Rule 8(c), Rules Governing Section 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel here.

Accordingly, it is hereby ORDERED that:

1. Petitioner's October 22, 2007, request for appointment of counsel is denied; and

2. January 8, 2008, request for additional time is denied.

It is further RECOMMENDED that respondents' December 28, 2007, motion to dismiss be granted and the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

////

1  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
2  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: August 27, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE